| | | |
|---|---|---|
| DARNELL GILBERT<br>1102 Druid Hill Avenue, Apt 812<br>Baltimore, Maryland 21201 | * <br> * | IN THE <br><br> CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE CITY |
| DOLGENCORP, LLC d/b/a<br>DOLLAR GENERAL<br>421 W. Main St.<br>Frankfort, Kentucky 40601 | *<br><br>* | <br><br>Case No. _____ |
| S/O Resident Agent | * | |
| CSC-LAWYERS<br>INCORPORATING SERVICE<br>COMPANY<br>7 St. Paul Street<br>Suite 820<br>Baltimore, Maryland 21202 | *<br><br>*<br><br>* | |
| and | * | |
| RED LEAF ASSOCIATES LIMITED<br>PARTNERSHIP I<br>6918 Bozman Meavitt Rd<br>Bozman, Maryland 21612 | *<br><br>* | |
| S/O Resident Agent<br>RED LEAF DEVELOPMENT AND<br>AND INVESTMENT ASSOCIATES, INC.<br>6918 Bozman Meavitt Rd<br>Bozman, Maryland 21612 | *<br><br>* <br><br>* | |
| and | * | |
| RED LEAF DEVELOPMENT AND<br>AND INVESTMENT ASSOCIATES, INC.<br>Valley Vista R.D. 1 Box 33<br>Bozman, Maryland 21612 | *<br><br>*<br>* | |
| S/O Resident Agent<br>ROBERT E. STATKIEWICZ<br>Valley Vista Rd. 1 BOX 33<br>Bozman, Maryland 21612 | *<br><br>* | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

[RECEIVED CIRCUIT COURT FOR BALTIMORE CITY 2020 OCT 15 PM 12: 44 CIVIL DIVISION stamp]

EXHIBIT A

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Darnell Gilbert (hereinafter, "Ms. Gilbert" or "Plaintiff"), by and through undersigned attorneys, Andrew K. O'Connell and Murphy, Falcon & Murphy, P.A., hereby files this Complaint against Red Leaf Development and Investment Associates, Inc., Red Leaf Associates Limited Partnership I, LLC and Defendant Dolgencorp, LLC.

### PARTIES

1. Ms. Gilbert is a resident of Baltimore City, Maryland.

2. Red Leaf Development and Investment Associates, Inc. ("RL Development") is a corporation organized under laws of Maryland, doing business in Baltimore City.

3. Red Leaf Associates Limited Partnership I ("Red Leaf") is a limited partnership registered in Maryland, doing business and owning real property in Baltimore City. At all times relevant hereto, Red Leaf acted at the direction of and as the agent of RL Development, which is Red Leaf's general partner.

4. Defendant Dolgencorp, LLC d/b/a Dollar General ("Dollar General") is a limited liability company duly organized under the state laws of the State of Kentucky, doing business in Baltimore City.

### JURISDICTION AND VENUE

5. Baltimore City is the proper venue for this action, pursuant to Maryland Code Ann., Cts. & Jud. Proc. §§ 6-201 and 6-202, because Defendants RL Development, Red Leaf and Dollar General own property or carry on a regular business in Baltimore City.

### FACTS COMMON TO ALL COUNTS

6. At all times relevant to the Complaint, Defendants RL Development, Red Leaf and Dollar General (hereinafter, collectively "Defendants") owned, operated, controlled, maintained and/or managed a retail store located at 1620 Pennsylvania Avenue, Baltimore, Maryland 21217,

2

EXHIBIT A

operating under the name "Dollar General."

7. At all times relevant to this Complaint, Defendants were responsible for the security and safety of customers patronizing Dollar General.

8. Early in the week beginning June 10, 2019, employees of Dollar General observed a man loitering in the Store and harassing customers (hereinafter, "Individual 1"). Individual 1 represented to Defendants' agents and/or employees that he was soliciting their customers for an energy assistance program. Individual 1 was not on the premises as a customer of Dollar General, which was known to Defendants' agents/employees. Despite being on actual notice of the presence of Individual 1 on the store premises harassing customers for an extended period of time, Defendants' employees and/or agents allowed the man to loiter in the store and harass customers.

9. Defendants and/or their agents did not call the police to report Individual 1's behavior nor did Defendants and/or their agents attempt to restrict Individual 1's access to Dollar General.

10. On June 13, 2019, Plaintiff visited the Dollar General store during normal business hours for the purpose of purchasing household items.

11. While shopping, Plaintiff approached Individual 1, who was falsely representing he was a security officer employed to patrol the Dollar General.

12. Defendants and/or their agents were on actual notice of Individual 1's false and misleading representation that Individual 1 was representing to Dollar General customers that he was a security officer for the premises. Individual 1 had on a uniform typical of a security officer, and he stated to Plaintiff, "I'm security."

13. Believing Individual 1 was a security guard for the Dollar General, Plaintiff inquired about the location of a can opener.

14. In response to Plaintiff's inquiry, Individual 1 accused Plaintiff of stealing from the store, which was false.

3

EXHIBIT A

15. Individual 1 demanded Plaintiff turn around and place her arms up, whereupon Individual 1 sexually assaulted Plaintiff in the Dollar General.

16. Individual 1 groped Plaintiffs' breasts, buttocks and vagina over her clothing during the search.

17. Individual 1 then told Plaintiff that he needed to conduct a strip search in the back of the Dollar General, behind a closed door.

18. In response, Plaintiff requested that a female officer be present during any further search of her.

19. Individual 1 denied Plaintiff's request that a female security be present and began to physically pull Plaintiff to the back of the store. Terrified, Plaintiff escaped Individual 1's grip and yelled for help. Plaintiff ran to the front of the store and reported the incident to the security officer standing at the entrance of the store.

20. The security officer informed Plaintiff that Individual 1 was not a security guard.

21. While Plaintiff was reporting the incident to the security officer, Individual 1 approached them and stated that Plaintiff was overreacting and that he "couldn't resist." Instead of apprehending Individual 1 and/or calling the police, which Plaintiff requested, Dollar General's security officer told Individual 1 to simply leave.

22. Plaintiff suffered and continues to suffer from post-traumatic stress disorder, nightmares, panic attacks, bouts of crying, and severe anxiety as a result of the sexual assault she endured in the Dollar General Store.

## COUNT I: NEGLIGENCE

23. Plaintiff incorporates by reference and re-alleges the allegations contained in the preceding and subsequent paragraphs.

EXHIBIT A

24. Defendant owed a non-delegable duty to Plaintiff, as an invitee of its business, to exercise reasonable care and to provide a safe environment for the duration of her business purpose visit.

25. Defendants breached their duty by, *inter alia* a) permitting Individual 1 to loiter on its property and harass customers for an extended period of time prior to the occurrence described above; b) failing to report incidents of harassment; c) failing to take steps to ensure the safety of its customers; d) failing to warn Plaintiff of Individual 1's presence of which it had actual and constructive notice; e) allowing Individual 1 to falsely represent he was a security officer for the store while on the store premises.

26. Instead of taking steps to ensure a safe shopping environment for customers, including Plaintiff, Defendants' store manager allowed a dangerous man back into the store known to have previously engaged in loitering, solicitation and harassment of its customers.

27. Defendants knew or should have known that a breach of these duties would result in the harassment of its customers, including Plaintiff. Defendants' breach of duty created an unreasonable risk of physical harm to Plaintiff.

28. Defendants were in exclusive control of the Dollar General Store at all times relevant hereto.

29. As a proximate and foreseeable result of the negligent failure to maintain a safe shopping environment, Plaintiff suffered from sexual assault at the hands of Individual 1, whom Defendants knew to have engaged in unlawful activities on their property.

30. Defendants' negligence was a direct and proximate cause of Plaintiff's injuries. Plaintiff is entitled to recover damages including, but not limited to, pain and suffering, medical expenses, and damages for all other losses and injuries caused by Defendants.

EXHIBIT A

31. All of these damages were the result of the wrongful conduct of Defendants without any negligence by Plaintiff, including the negligent failure maintain a safe environment on their property.

32. Plaintiff has suffered serious physical trauma and psychological injuries and continues to suffer from mental anguish. Plaintiff has incurred medical related expenses and will continue to incur the same in the future.

**WHEREFORE**, Plaintiff demands that this Court enter judgment in favor her and against Defendants, jointly and severally, finding Defendants liable to Plaintiff, and award her compensatory damages in an amount in excess of $75,000.00, together with punitive damages, attorneys' fees, costs and expenses of this lawsuit, and other such relief as this Court deems proper.

## COUNT II: PREMISES LIABILITY

33. Plaintiff incorporates by reference and re-alleges the allegations contained in the preceding and subsequent paragraphs.

34. At all times relevant to this Complaint, Plaintiff was lawfully in the Dollar General Store as an invitee of Defendants' business.

35. Defendants owed a duty to Plaintiff as an invitee of the business, to *inter alia*, a) maintain a safe shopping environment for its invitees, including Plaintiff; and b) give Plaintiff adequate warning of the danger Individual 1 presented of which it had actual and constructive notice.

36. Defendants' duty to provide a safe environment for its invitees is non-delegable.

37. Defendant breached its duty by, *inter alia inter alia* a) permitting Individual to loiter on its property and harass customers for an extended period prior to the occurrence described above; b) failing to report incidents of harassment; c) failing to take steps to ensure the safety of its customers; d) failing to warn Plaintiff of Individual 1's presence of which it had actual and

EXHIBIT A

constructive notice; e) allowing Individual 1 to falsely represent he was a security guard for Dollar General while on the store premises.

38. Defendants permitted Individual 1 to harass customers in its store. Failing to remove or report Individual 1 to the police and/or give Plaintiff notice of the man's behavior created an unreasonable risk of harm to Plaintiff.

39. Defendants had actual and constructive notice of Individual 1 harassing customers and making false representations regarding his identity within its store.

40. Defendants should have anticipated that Plaintiff would not realize or be able to realize that Individual 1 was not a security guard and the danger Individual 1 posed to her safety before he sexually assaulted her while inside the store.

41. Plaintiff could not, by using any degree of ordinary care, have discovered the danger Individual 1 posed.

42. Defendants failed to take reasonable means to make the premises safe and failed to give Plaintiff adequate warning of the danger Individual 1 posed.

43. Defendants' conduct was a direct and proximate cause of Plaintiff's injuries. Plaintiff is entitled to recover damages including, but not limited to pain and suffering, medical expenses, and damages for all other losses and injuries caused by Defendants.

44. All of the aforesaid damages are the result of the wrongful conduct by Defendants without any negligence by Plaintiff. Plaintiff has suffered serious physical trauma and psychological injuries and continues to suffer from mental anguish. Plaintiff has incurred medical related expenses and will continue to incur the same in the future.

**WHEREFORE**, Plaintiff demands that this Court enter judgment in favor her and against Defendants, jointly and severally, finding Defendants liable to Plaintiff, and award her

EXHIBIT A

compensatory damages in an amount in excess of $75,000.00, together with punitive damages, attorneys' fees, costs and expenses of this lawsuit, and other such relief as this Court deems proper.

Respectfully submitted,

_____
Andrew K. O'Connell
Murphy, Falcon & Murphy
One South Street, 30th Floor
Baltimore, Maryland 21202
T: (410) 951-8774
F: (410) 539-6599
E: andrew.oconnell@murphyfalcon.com
E: edward.cardona@murphyfalcon.com
*Attorneys for Plaintiffs*

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury in this matter.

_____
Andrew K. O'Connell

EXHIBIT A